Poku v. Holder

BIA
Straus, IJ
A074 916 914

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of March, two thousand fourteen.

PRESENT:
RALPH K. WINTER,
ROSEMARY S. POOLER,
ROBERT D. SACK,
     *Circuit Judges.*

_____

NANA OWUSU POKU,
     *Petitioner,*

v.                                    10-3428
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL, ET AL.,
     *Respondents.*

_____

FOR PETITIONER:     Nana Owusu Poku, *pro se*,
                    Wethersfield, Conn.

FOR RESPONDENTS:    Tony West, Assistant Attorney
                    General; Ernesto H. Molina, Jr.,
                    Assistant Director, Yanal Yousef,
                    Trial Attorney; Office of
                    Immigration Litigation, U.S.
                    Department of Justice, Washington
                    D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Nana Owusu Poku, a native and citizen of Ghana, seeks review of the July 26, 2010, decision of the BIA, affirming the July 21, 2009, decision of Immigration Judge ("IJ") Michael Straus, denying his motion to reopen removal proceedings. *In re Nana Owusu Poku*, No. A074 916 914 (B.I.A. Jul. 26, 2010), *aff'g* No. A074 916 914 (Immig. Ct. Hartford, Jul. 21, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found . . . where the [agency's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [agency] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

We find no abuse of discretion in this case.  An IJ has "broad discretion with respect to calendaring matters." *Sanusi v. Gonzales*, 445 F.3d 193, 199 (2d Cir. 2006)(internal quotations omitted).  We review "an IJ's decision to establish and enforce filing deadlines for the submission of documents" for abuse of discretion.  *Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir. 2008); *see also* 8 C.F.R. § 1003.31(a) ("All documents and applications that are to be considered in a proceeding before an Immigration Judge must be filed with the Immigration Court having administrative control over the Record of Proceedings."); 8 C.F.R. § 1003.31(c) ("The Immigration Judge may set and extend time limits for the filing of applications. . . .  If an application . . . is not filed within the time set by the Immigration Judge, the opportunity to file that application or document shall be deemed waived.").

The IJ properly exercised his discretion to deny Poku's motion to reopen because Poku's failure to file his application for cancellation of removal by the deadline set by the IJ constituted a waiver of his opportunity to file such an application.  *See* 8 C.F.R. § 1003.31(c).  The IJ warned Poku, both at a hearing and in writing, that his

3

cancellation of removal application must be filed on or before June 26, 2009 or his application would be deemed abandoned and an order of removal would be issued. The record shows that Poku was provided approximately six months to file his application, the IJ set a clear deadline for the filing of the application, and the cancellation of removal application was not filed by the deadline. Therefore, it cannot be said that the denial of Poku's motion to reopen was an abuse of discretion.

Furthermore, while Poku now raises a claim that his counsel was ineffective for failing to timely file his cancellation of removal application, this claim is unexhausted as it was not raised before the BIA. *See* 8 U.S.C. § 1252(d)(1); *see also Arango-Aradondo v.* INS, 13 F.3d 610, 614 (2d Cir. 1994) (declining to address ineffective assistance of counsel claim that was not exhausted before the agency).

For the foregoing reasons, the petition for review is DENIED and the stay of removal that the Court previously granted in this petition is VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4